IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY DAVID TEAGUE,

    Petitioner,

v.                                                                                 No. CV 21-0636 RB-GBW
                                                                                       No. CR 03-1133 RB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Anthony David Teague's Letter-Motion requesting leave to file a Rule 60(b) motion challenging his 2007 habeas proceeding, filed July 9, 2021. (Doc. 1.) Also before the Court is Mr. Teague's Motion for Relief from Judgment, filed July 9, 2021. (Doc. 1-1.) Both motions seek to challenge or re-litigate Mr. Teague's 2004 federal conviction for interstate threats in violation of 18 U.S.C. § 875(c) and/or the subsequent rulings denying habeas relief.[1] Mr. Teague filed the instant motions in an attempt to comply with the filing restrictions imposed on October 16, 2020. (CR Doc. 157.) Those restrictions prohibit Teague from submitting any new *pro se* filings challenging his federal sentence in CR 03-1133 unless he is represented by an attorney or he files a motion and obtains permission to proceed *pro se*. (*See id.* at 9–10.)

Mr. Teague is not represented, and his motion indicates that the Tenth Circuit Court of Appeals has not authorized the filing of a successive habeas claim. (*See id.* (setting forth the

---

[1] The criminal case number associated with the conviction is CR 03-1133. Teague's instant motions cite the civil case number associated with his original 28 U.S.C. § 2255 habeas case, CV 07-0326 RB/LC. The Court filed the motions in a new civil case, in accordance with the AO policy governing successive habeas claims and the procedures set forth in D.N.M. Administrative Order 18-MC-00004-19.

requirements for filing any further challenges to the conviction in No. CR 03-1133).) He argues his motions do not raise successive claims and instead constitute true Rule 60(b) motions. Specifically, he argues the Court improperly admitted evidence in his 2007 habeas proceeding. (Doc. 1-1 at 1.) The Court disagrees with Mr. Teague's characterization of his proposed motion, as he simply rehashes his arguments "seeking vindication of a habeas claim by challenging the habeas court's previous [2007] ruling on the merits of that claim." *See Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (listing examples of purported Rule 60 motions that should be construed as successive habeas claims). Accordingly, the Court will dismiss the instant Motions (Docs. 1, 1-1; CR Doc. 166) without prejudice for lack of jurisdiction and for failing to comply with the filing restrictions.

The Court also notes this is the fourth motion Mr. Teague has filed since the imposition of filing restrictions in October 2020 (*see* CR Docs. 158, 160, 163, and 166). As noted above, the Court previously permitted Mr. Teague to file a pro se motion requesting leave to challenge his conviction if: (1) he includes a statement of issues to be raised; and (2) indicates whether the Tenth Circuit authorized the filing of a successive habeas proceeding. (CR Doc. 157 at 10.) The first requirement is to ensure Mr. Teague is not seeking relief from his conviction by attacking the 2007 habeas ruling under the guise of Rule 60. The second requirement is jurisdictional. "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Mr. Teague is warned that, if he continues to relitigate his federal conviction and/or the 2007 habeas proceeding, the Court may modify the filing restrictions so that the Clerk's Office returns any such challenges without entering

them on the docket.

**IT IS THEREFORE ORDERED** that Anthony David Teague's Letter-Motions, filed July 9, 2021 (**CV Docs. 1, 1-1; CR Doc. 166**) are **DISMISSED without prejudice**; and the Clerk's Office may **CLOSE** the instant civil habeas case (CV 21-636 RB-GBW).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE